Dargan, Ch.
delivered the opinion of the Court.
On the circuit trial, this case underwent a very careful and patient investigation by the Chancellor who presided. The question upon which the present disposition of the case by this Court will turn, was not considered by him ; not having been made in the pleadings nor in the argument on the circuit. Nor is it made in any of the grounds of appeal upon which the case has been brought before this Court. It is with reluctance, therefore, that this Court feels itself compelled to consideran objection, which has not been presented by any of those forms of pleading and practice by which issues of fact and law are brought under the cognisance of Courts of justice, and which was alluded to only in the latter stage of the argument on the appeal, on a suggestion thrown out incidentally by one of the members of this Court. As the judgment now about to be rendered will be upon a question of pleading, it is my purpose to avoid any expression of opinion upon the merits of the case, or upon any of the various grounds of appeal assumed against the Chancellor’s decree.
By one of the deeds, the validity of which is involved in these proceedings, the complainant conveyed to the defendant his plantation contáimng between one thousand and eleven hundred acres, lying in the fork of Saluda and Reedy Rivers, in Laurens district, and thirty two slaves, and all his plantation tools and stock of every description, and his interest in the charter of a bridge over Saluda and Reedy Rivers; in trust, to pay out of the income of said property, all his just debts, and to permit him (the complainant) to reside at the homestead place, where he then lived, during his life; *270 but the said Anderson was to manage and superintend the said plantation and slaves, and all the other property conveyed, to the best advantage, and to pay over to him annually, the nett income of the same during his life, and after his death to continue his supervision and management of the said estate for the sole and. separate use of the complainant’s sister Rebecca (defendant’s wife) during her life, and at her death, to divide the estate and increase of the slaves, if any, among such children as the said Rebecca might leave surviving her, share and share alike ; the children of any deceased child to take the share to which their deceased parent would be entitled if living; but should the complainant survive his sister, then and in that event, the said trustee was to divide the said property equally among her surviving children at the complainant’s death, including the children of any deceased child, who were to take the share which'the deceased parent would take if living. These are the provisions of the deed of trust.
The bill was filed by the said T. Y. Neely against the trustee, Joel Anderson, to set aside this deed, and also another deed which he executed to the said Anderson, conveying to him, absolutely, another and a smaller tract of land, for the consideration expressed of $1200, on the ground that the said complainant, at the time of their execution, was not of sound and disposing mind, and that undue influence had been exercised over him.
The bill was filed on the 29th July, 1847, while the defendant’s wife was living, but she was not made a party. She was dead at the time of the trial, and on her death, according to the construction of the deed, which this Court has adopted, the rights of her children whom she left surviving her, became vested, and certain, by way of remainder, to take efFect in possession and enjoyment at the death of the complainant. On that event, according to the provisions of the deed, the trust estate was to be equally divided among the children whom the complainant’s sister should leave surviving her, with the right of representation on the part of the children of those who should not be living. This is the clear and obvious construction of the instrument.
At the time of the trial, then, the children of Mrs. Anderson had a vested estate in remainder as tenants in common, the enjoyment of which was only postponed to the period at which the precedent life estate should expire. And not being parties to the bill, it is very clear that any decree which this Court might make in the present state of the pleadings, would be nugatory as to them.
The rule in this Court as to parties, is, that all persons interested in the subject matter of the litigation, should be made parties, either complainant or defendant. The reason of the rule is twofold. With all parties in interest before it, *271 the Court can do more perfect and complete justice, and adjudicate their rights definitively and conclusively, and thus, put an end to all future controversy. And secondly, it is but simple justice, that the party against whom the Court enforces its decrees, should be protected in the performance of what he is required to do, which protection cannot be afforded against a person who is not a party to the cause. The rule being a general one, admits of a variety of exceptions. It was adopted as one convenient and conducive to the due and proper administration of justice, and would not be regarded as inflexible, where its application would-be absurd, impracticable, or lead to inconvenient delays. It is unnecessary to discuss the circumstances under which the rule would be relaxed, as the case before us does not constitute one of its exceptions.
16 Yes. 325.
The proper way to take advantage of the want of proper parties to a bill, as Lord Eldon observed, in Cockburn v. Thompson, is by demurrer, if the omision appears on the face of the pleadings; and by a plea, if it does not so appear. It is the duty of the defendant who objects to the complainant’s bill for the want of proper parties, to inform him by pleading, who are the proper parties; or in law phrase, “to give him a better writ.”
But this rule is within the discretion of the Court. And when it is perceived, as in this case, that the parties who are directly interested, are not before the Court, that they will not be bound by its decrees, but be entitled to another -hearing in a suit to be instituted by them ; when it also appears that the persons omitted are, with the exception of the defendant as a creditor, the only real parties in interest, and that they are infants, and on that account more especially entitled to the protection of this Court, it will pause and suspend its judgment until all proper parties are before it. It is perhaps a duty incumbent on the Court to pursue this course lest the rights of some of the omitted parties might be prejudiced by its premature action. It is necessary to a full adjudication of the rights of all the persons interested in the trust deed, that the decree be set aside, and the case be remanded to the circuit, with leave to the complainant to amend his bill by making the proper parties.
In regard to that part of the bill which seeks to set aside the deed of the complainant for the smaller tract of land, no other parties are necessary. By that deed, no trust is created, and no other persons are interested than the defendant. And the case might now have been retained, and a decree rendered as respects this deed. But this Court is disposed to avoid any expression of opinion upon the merits of this con-trovery at the present stage of the proceedings. As that portion of the case which involves much the larger interest, is *272 necessary to be remanded, it is thought to be most conducive to justice, that the whole case should go back to the Circuit Court, divested of the influence which any expression of opinion here might exert upon the result of the trial.
It is therefore ordered and decreed that the circuit decree be set aside, and the case be remanded to the circuit for a new trial, with leave to the complainant to amend his bill by making the children of Mrs. Rebecca Anderson, parties defendants.
Johnston, Ch. and Dunkin, Ch. concurred.

Decree set aside and case remanded.